# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PNC BANK, N.A.,**

                **Plaintiff,**

**-vs-**                                                                **Case No. 6:13-cv-1703-Orl-28DAB**

**ADVANTAGE BOAT REPAIR, INC.,**
**ADVANTAGE BOAT REPAIR &**
**INTERIORS, INC. and DANIEL JENKINS,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS (Doc. No. 18)**
>
> **FILED:**     **January 14, 2014**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 1, 2013, Plaintiff PNC Bank, N.A.[1] filed suit against Defendants, Advantage Boat Repair, Inc. (the "Borrower"), Advantage Boat Repair & Interiors, Inc. ("ABRI"), and Daniel Jenkins, individually ("D. Jenkins")[2], seeking to foreclose on an "Equity Line" instrument secured

---

[1] PNC Bank, N.A., is successor-in-interest by merger to RBC Bank (USA). *See* Doc. 1-7 (Certificate).

[2] Collectively referred to herein as the "Obligors."

by real property (the "Instrument")[3]. Doc. 1 & Doc. 1-1. In the Complaint, the Bank seeks collection of an obligation (the "Obligation") principally owed by the Borrower to the Bank, in the approximate total amount of $165,365.76 as of October 4, 2013. Doc. 1.

The Bank has filed returns of service executed on November 26, 2013, to which Defendants' responses were due on December 17, 2013. Docs. 9, 10, 11. Defendants failed to respond and the Clerk entered defaults on January 6, 2014. Docs. 14, 15, 16. The Bank filed its Motion for Default Judgment on January 14, 2014. Doc. 18. The matter is now ripe for resolution.

## ANALYSIS

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Service of the Defendants in this case was proper.

Federal Rule of Civil Procedure 55(a) provides that if a party fails to plead or otherwise defend as provided by the rule, the clerk shall enter default upon the appropriate showing. Fed. R. Civ. P. 55(a). Under Federal Rule of Civil Procedure 4(e)(1), service of a federal Complaint is accomplished as follows:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . .
>
> > (2) doing any of the following:

---

[3]Unknown Tenants in Possession were dismissed voluntarily from the Complaint on January 8, 2014. Doc. 17.

>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> * * *
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).   Service on a corporation is conducted in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed.R.Civ.P. 4(h)(1)(A). In this case, service on Daniel Jenkins was made on him personally and as the registered agent for both Advantage Boat Repair, Inc., and Advantage Boat Repair & Interiors, Inc. Docs. 9, 10, 11. Thus, service complied with Rule 4(e) and (h).

Defendants failed to timely respond to the Verified Complaint, and on January 3, 2014, the Bank filed a Request for Entry of Default with respect to all of the Defendants. Doc. 13. Upon Motion of the Bank, the Clerk entered defaults against all Defendants on January 6, 2014. Docs. 14, 15, 16. On January 14, 2014, the Bank filed its Motion for Default Judgment to foreclose on the real property and to enforce the guaranty agreement against the Defendants. Doc. 18.

The Court finds that the Defendants' failure to timely respond to the Complaint and subsequent entry of default against them serve to admit the well pleaded allegations of Plaintiffs' Complaint, including the Bank's foreclosure claim and claims to enforce the promissory note, guaranty agreement, and related agreements, as well as for fees and costs incurred. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

### *A. Factual Background*[4]

---

[4] Throughout the text, capitalized terms are defined in the documents to which they refer, each filed as Exhibits to the Complaint. Doc. 1 through Doc. 1-7.

On May 5, 2008, the Bank, the Borrower and the Guarantor (collectively the "Obligors") entered into a $170,000 Promissory Note, Mortgage and Security Agreement which granted a lien and security interest[5] in the real property located in Brevard County, Florida more specifically described in the Mortgage as 2.305 acres Cidco Rd. Cocoa, Florida 32926 (the "Real Property"). Docs. 1-2, 1-3. The Obligors also executed a "Forbearance Agreement," on February 7, 2012. Doc. 1–4. In addition, Advantage Boat Repair & Interiors, Inc. executed an "Unconditional Guaranty Agreement," on February 7, 2012. Doc. 1-5.

The Obligors have defaulted pursuant to the terms and conditions of the Loan Documents by failing to make monthly installment payments due and owing on or as of March 17, 2012 and thereafter. Doc. 1 ¶¶ 15-16. As a result of the foregoing default, the Bank demanded payment of the Obligation on September 23, 2013. Doc. 1-6. As of January 6, 2014, the Obligation was in default in the aggregate amount of $168,060.74, inclusive of principal, accrued interest, and late charges, itemized as follows:

| | |
|---|---:|
| Principal Balance | $147,442.35 |
| Interest (at the rate of $28.67 per diem) | $19,232.94 |
| Late Charges | $1,385.45 |
| TOTAL: | **$168,060.74** |

Doc. 1 ¶ 16.

No payments for the Obligation have been received from or on account of the Obligors regarding the Obligation. Doc. 1 ¶ 17. Additionally, interest continues to accrue on the payoff amount of the Obligation at the lower of the default rate set forth in the Loan Documents or at the highest rate

---

[5]The Mortgage was recorded in the Official Records Book 5864, beginning at Page 6555, in the Official Records of Brevard County, Florida. See Doc. 1, Exh. B.

-4-

permitted by law. Doc. 1 ¶ 17. The Bank also has a contractual right to recover additional accruing fees, including late fees beginning from the date of default, pursuant to the terms of the Loan Documents and all such rights are reserved. Doc. 1 ¶ 18. The Obligation additionally includes the Obligors' liability for reimbursement of the Bank's additional attorneys' fees, court costs, and related compensable expenses incurred in prosecuting and enforcing its rights and remedies pursuant to the Loan Documents, including attorneys' fees and costs paid by the Bank to its counsel as compensation and reimbursement for its efforts to enforce the Loan Documents. Doc. 1 ¶ 19. Defendants have not challenged the validity, enforceability, and status of the Obligation. Doc. 1 ¶ 20. The Bank, as successor by merger to RBC Bank (USA), owns and holds the Loan Documents. Doc. 1-7 ("Certificate of Merger" between RBC Bank (USA) and PNC Bank, N.A.).

### *B. Facts Related to the Default Judgment*

Because default has been properly entered against the Defendants, they are deemed to have admitted the allegations made in the Bank's Verified Complaint, *i.e.*, Counts I, II, and III. *See* Doc. 1. Count I seeks damages against the Borrower for breach of the Loan Documents; Count II, seeks damages against the Guarantor resulting from the default pursuant to the terms of the Loan Documents; and Count III seeks to foreclose the Bank's mortgage lien upon the Mortgaged Property pursuant to the Loan Documents, and any other claims of lien, owned by the Obligors, to satisfy the Obligation. Doc. 1. The Bank has not modified the status of the lending relationship since acceleration and demand, and does not intend to do so. Doc. 18 ¶ 15. Thus, the Bank seeks the relief requested in all Counts of the Complaint.

#### **1. Breach of Promissory Note and the Guaranty Agreement**

The Bank seeks a default judgment on its two claims for breach of contract: (1) breach of the Loan Documents against the Borrower on the Note (Count I) and (2) breach of the Guaranty Agreement against the Guarantor, Advantage Boat Repair & Interiors, Inc. (Count II). "A 'defendant,

-5-

by his default, admits the plaintiff's well-pleaded allegations of fact, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted); *Nishimatsu Constr. Ltd.*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered.").

A breach of contract cause of action is established under Florida law if: there is: (1) a valid contract; (2) a material breach of a term of the contract; and (3) damages suffered by the aggrieved party. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)); *Ameripath, Inc. v. Wetherington*, 2011 WL 1303804, *4 (S.D. Fla. April 4, 2011); *Grillasca Amerada Hess Corporation*, 2006 U.S. Dist. 82814 (M.D. Fla. 2006); *Barbara G. Banks, PA v. Thomas D. Lardin*, PA, 938 So.2d 571 (Fla. 4th DCA 2006); *Abbott Laboratories, Inc. v. General Electric Capital*, 765 So. 2d 737 (Fla. 5th DCA 2000). An action for breach of a promissory note is the same as a breach of a contract action. *See Wane v. Lane Corp.*, Case No. 8:11-cv-212 6-T-33AEP, 2013 WL 672574, *10 (M.D. Fla. Feb. 23, 2013).

A breach of a guaranty agreement is a "straightforward state-law breach of contract claim." *Reiter Petroleum, Inc. v. Gallant*, Case No. 11–61254–CIV, 2011 WL 4044392, *2 (S.D. Fla. 2011) (citing *Modern Gaming, Inc., v. Malone*, No. 6:10–cv–182–Orl–28DAB, 2010 WL 724434 (M.D. Fla. 2010)). Under Florida law, a breach of a guaranty arises upon the default by the original borrower and subsequent refusal to pay by the guarantor, and summary judgment is appropriate if there are no genuine issues of material fact at issue. *Brunswick Corp. v. Creel*, 471 So. 2d 617, 619 (Fla. 5th DCA 1985). "A suit on a guaranty and a foreclosure action are not inconsistent remedies, and therefore pursuit of either of those remedies without satisfaction is not a bar to the pursuit of the other. *Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C.*, 438 So. 2d 408, 409 (Fla. 2d DCA 1983).

In this case, the parties executed several contracts. The Bank agreed to lend the Borrower the amount of $170,000 in the Promissory Note. Doc. 1-2. The Borrower executed and delivered a "Promissory Note" on May 5, 2008, modified by a "Forbearance Agreement" on February 7, 2012, in connection with the lending relationship between the Borrower and the Bank. Docs. 1-2, 1-4. The Promissory Note provides that an "event of default" will occur if the "Borrower fails to make any payment when due under this Note." Doc. 1-2. "Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrow will pay that amount." Doc. 1-2.

Pursuant to the terms of the Forbearance Agreement of February 7, 2012, the Bank agreed to forego pursuing its rights for two years, provided that the obligations required in the Loan Documents were satisfied; however, the forbearance period would terminate at the Bank's option if there were further defaults under the Loan Documents or the Forbearance Agreement. Doc. 1-4. The Borrower breached the Loan Documents with the Bank by failing to make monthly installment payments as of March 17, 2012 and thereafter. Doc. 1 ¶ 17; Doc. 18-1 (Brown Aff.).

Turning to the Guaranty Agreement, the Guarantor Advantage Boat Repair & Interiors, Inc. executed a Guaranty Agreement, which unconditionally guaranteed payment of all indebtedness and liabilities evidenced by or arising under the Loan Documents. Doc. 1-5. The Borrower has breached the terms of the Loan Documents, and the Guarantor has breached the Guaranty Agreement by failing to make monthly installment payments on the Obligation, as required under the Loan Documents; these breaches have caused the Bank to suffer damages, as discussed in detail below. The Bank has met its burden of proving each element of the claim and is entitled to summary judgment against the Borrower and against the Guarantor.

**2. Foreclosure of the Mortgaged Property (Count III)**

The Bank seeks to foreclose on the Mortgage on the Real Property securing the Loan Documents. Under Florida law, in order to establish a right to foreclose upon a security interest, the plaintiff must establish that it is the holder of the security interest as well as the note that is secured by such interest; and that the defendant breached the terms of the note. *See Citibank v. Dalessio*, 756 F. Supp. 2d 1361, 1365 (M.D. Fla. 2010). The determination of whether the plaintiff is the holder of the mortgage and the note is an issue of fact. *See Verizzo v. Bank of New York*, 28 So. 3d 976, 978 (Fla. 2d DCA 2010) (finding an issue of fact as to whether the plaintiff was the owner and holder of the note and mortgage in question); *Nerbonne, NV. v. Lake Bryan Int. Prop., Inc.*, 593 So. 2d 1207 (Fla. 5th DCA 1992). Where a plaintiff alleges that they are the owner and holder of a note and mortgage, and a defendant later defaults, the defendant is deemed to have admitted that the plaintiff is in fact the holder of the note and mortgage. *See Sun Trust Bank v. Randall*, No. 8:11-cv-601-T-24-EAJ, 2011 WL 3821279 *1, *1 (M.D. Fla. Aug. 30, 2011) ("When a defendant fails to plead or otherwise defend, the 'defaulted defendant admits well-pleaded allegations of liability." (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999)).

Here, the Complaint alleges that the Bank is the owner and holder[6] of the Loan Documents, which include the Promissory Note and Mortgage securing the Mortgaged Property. Doc.1 ¶ 21; Doc. 1-3. Thus, by their default, the Defendants have admitted that the Bank is the owner and holder of the Loan Documents[7]. The Mortgage is secured by an interest in the Real Property at the address commonly known as 2.305 acres Cidco Rd., Cocoa, Florida 32926[8].

---

[6]The Bank has supplied the Affidavit of Amounts Due and Owing from Michael Brown, attesting that the Bank owns and holds the originals of the Loan Documents. Doc. 18-1.

[7]The copy of the "Certificate of Merger" evidencing the merger between RBC Bank (USA) and PNC Bank, N.A., attached to the Complaint as Exhibit "F" is sufficient for this Court to find that the Bank is the successor in interest by merger to RBC Bank (USA), and thus holder of the Loan Documents. Doc. 1 ¶ 21; Doc. 1-7.

[8]The legal description of the Real Property is set forth in the Mortgage. Doc. 1-3 at 2.

The Mortgage provides that the failure of Grantor, Advantage Boat Repair, Inc., to make any payment when due under the indebtedness constitutes an "event of default." Doc. 1-3. Additionally, the Grantor's failure to perform any other obligation in the Mortgage or other Related Documents (such as the Promissory Note) also constitutes a default. Doc. 1-3. The Obligors have failed to pay the amounts due and owing under the Loan Documents. *See* Doc. 18-1 ¶ 8 (Brown Aff.). Considering the foregoing, the Bank is entitled to a final judgment of foreclosure of the Mortgage against the Obligors.

### 3. Damages

The Bank contends that the Obligors' failure to make payments under the Loan Document has caused the Bank to suffer damages in the amount of $168,060.74 as of January 6, 2014. *See* Doc. 18-1 (Brown Aff.). The Bank seeks damages for breach of contract, breach of the Guaranty Agreement, and to foreclose on the Real Property. Pursuant to Federal Rule of Civil Procedure 55(b)(1),

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

In making its determination as to the amount and character of damages to be awarded, the Court may rely upon affidavits or documentary evidence to establish the proper amount of damages. *Solis v. J.W. Buckholz Traffic Eng'g, Inc.*, 3:11-cv-248-J-34MCR, 2012 WL 6761600 *1, *3 (M.D. Fla. Dec. 6, 2012). In entering a final default judgment, it is not necessary for the Court to hold an evidentiary hearing, if damages are liquidated or discernible from documentary evidence or affidavits. *See Shandong Airlines Co., Ltd. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1207 (M.D. Fla. 2009); *Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343-44 (M.D. Fla. 2003). An evidentiary hearing is not a per se requirement for entry of a default judgment on damages, and may be omitted if all essential evidence is of record. *See S.E.C. Smyth*, 420 F.3d 1225, 1232, n. 13 (11th Cir. 2005).

-9-

Here, the Bank seeks as its damages the amount that was not repaid by the Obligors pursuant to the terms of Loan Documents and that therefore remains due, including late fees, and interest. The Bank has provided the Affidavit of Amounts Due and Owing of Michael Brown setting forth the exact principal amount remaining due under the Loan Documents as well as the exact amount of late fees and interest owed under the Promissory Note; such amounts have been sworn to by the Bank's corporate representative and are derived solely from the Loan Documents. Doc. 18-1. Mr. Brown's Affidavit sets forth a sum that can be made certain by computation, as required under Rule 55(b)(1), set forth in the table below. *See Solis*, 2012 WL 6761600 at *3 ("As Plaintiff has established the amount of its damages through an affidavit…, the Court is able to establish the amount of the default judgment without the necessity for an evidentiary hearing").

| Principal Balance | $147,442.35 |
| --- | --- |
| Interest (at the rate of $28.67 per diem) | $19,232.94 |
| Late Charges | $1,385.45 |
| TOTAL: | **$168,060.74** |

It is respectfully **RECOMMENDED** that PNC Bank's Motion for Final Default Judgment be **GRANTED** on Counts I, II, and III of the Complaint.

**4. Attorneys' Fees and Costs**

The Bank seeks to recover its attorney's fees and costs. Pursuant to the terms and conditions of the Promissory Note described in the Complaint, the Bank is entitled to recover its attorneys' fees and costs from the Obligors. The Promissory Note provides:

> Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender the amount of these costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit. . . . If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sum provided by law.

Doc. 1-1. In addition, the Unconditional Guaranty Agreement provides:

> Without limiting any other provision of this Guaranty Agreement relating to Guarantor's payment of costs and expenses incurred by and on behalf of Bank, but in addition thereto, Guarantor shall pay to Bank on demand any and all costs and expenses of collection, including reasonable attorneys' fees in the amount of fifteen (15%) of the outstanding amount of the Obligations of Customer after default.

Doc. 1-4. The Forbearance Agreement also provides:

> The Obligor shall pay all costs and expenses of RBC (including reasonable attorneys' fees and expenses) incurred after the Execution Date relating to enforcement of this Agreement and the Loan Documents.

Doc. 1-3. The "Obligor" referred to in the Forbearance Agreement is defined therein as the Borrower, Advantage Boat Repair & Interiors, Inc., and Daniel Jenkins.

The Bank has supplied the Affidavit of Costs and Affidavit of Attorneys' Fees showing that it has incurred reasonable attorneys' fees in the amount of $2,592.00 and costs in the amount of $1,131.96 in connection with this action as of January 8, 2014. Docs. 18-2, 18-3. The Affidavit of Attorneys' Fees provides a summary of the timekeepers, fees requested, and the work for which the fees are sought. As the reasonable attorneys' fees and costs incurred are less than 15% of the Obligation, the Bank argues it is also entitled to recover the same against Advantage Boat Repair & Interiors, Inc., pursuant to the Unconditional Guaranty Agreement.

The Bank asserts that the fees requested are reasonable and meet the factors established in the applicable precedent. *See e.g. Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988); *Reynolds v. Alabama Dep't. of Transp.*, 926 F. Supp. 1431 (M.D. Ala. 1997)*; Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)*; Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 835 (Fla. 1990); *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Four attorneys – three associates and one shareholder – plus a paralegal accumulated a total of 15.2 hours in the case as follows:

| Timekeeper | Position | Yrs Experience | Time | Fees | Ave. Rate |
|---|---|---|---|---|---|
| John Anthony | Shareholder | 26 | 0.8 | $140.00 | $175.00 |
| Allison Doucette | Associate | 3 | 1.1 | $192.00 | $175.00 |
| John Stratton | Associate | 2 | 2 | $350.00 | $175.00 |
| Megan M. Green | Associate | 1 | 10.5 | $1,837.50 | $175.00 |
| Paralegal | | 5 | 0.8 | $72.00 | $90.00 |
| TOTAL | | | 15.2 | $2,591.50 | |

The rates sought are reasonable, and somewhat under-market, but commensurate with the level of expertise required in a straightforward breach of contract case. The delegation of the work was also reasonable, with the bulk of the work handled by the least-experienced associate. The Bank seeks to recover $1,131.96 in costs, the bulk of which is reimbursable as "legal expenses" or "expenses of collection" set forth in the Loan Documents, with the exception of $37.95 for Federal Express postage, which is overhead and not recoverable.

**5. Other matters**

The Bank requests this Court to enter an order requiring the Obligors to complete Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet in aid of execution pursuant to Florida Rule of Civil Procedure 1.560(c). Generally, a federal court is generally not bound by state court rules, however proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the court is located, and federal statues govern to the extent any apply. Fed. R. Civ. P. 69(a). The Bank has not cited any federal legal authority requiring the Fact Information Sheet in this Court.

**SUMMARY**

Having reviewed the record in the case, it is respectfully **RECOMMENDED** that PNC Bank's Motion for Final Default Judgment be **GRANTED** and Final Judgment be entered for PNC Bank on all three Counts of the Verified Complaint (Doc. 1). PNC Bank is **DIRECTED** to submit a proposed

final judgment in accordance with this Report and Recommendation, with the current calculation of interest.

It is further respectfully **RECOMMENDED** a Final Default Judgment be **GRANTED** providing that the Bank is entitled to attorneys' fees of **$2,592.00** and costs in the amount of **$1,094.01**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 19, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy